IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio Hernandez Lopez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  11 C 3147 |
| ) | |
| Arrow Financial Services, LLC, a ) | |
| Delaware limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Antonio Hernandez Lopez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant is headquartered, resides and transacts business here.

**PARTIES**

3. Plaintiff, Antonio Hernandez Lopez ("Lopez"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed for HSBC credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Advocates for Consumers in Debt program ("LACD"), located in

Chicago, Illinois.

4. Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its headquarters in Niles, Illinois, Defendant Arrow operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Arrow was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Arrow is authorized to conduct business in Illinois, is headquartered here and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Arrow conducts business in Illinois.

6. Moreover, Defendant Arrow is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Arrow acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Lopez has limited assets and income, which caused him to fall behind on paying his bills, including a debt he owed for an HSBC credit card. During Defendant Arrow's collection actions on this account, Mr. Lopez sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendant Arrow's collection actions.

8. Accordingly, on March 29, 2011, one of Mr. Lopez's attorneys at LACD informed Arrow, in writing, that Mr. Lopez was represented by counsel, and directed

Arrow to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. Lopez was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, despite knowledge that Mr. Lopez was represented by counsel, Defendant Arrow sent letters, dated April 4, 2011 and April 28, 2011, directly to Mr. Lopez, regarding the HSBC debt. Copies of these letters are attached as Group Exhibit D.

10. Defendant Arrow's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Arrow's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

14. Here, the letter (Exhibit C) from Mr. Lopez's, attorney/agent, LACD, told Defendant Arrow to cease communications with Mr. Lopez. By continuing to communicate regarding this debt (Group Exhibit D), Defendant Arrow violated § 1692c(c) of the FDCPA.

15. Defendant Arrow's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Arrow knew that Mr. Lopez was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant Arrow to cease directly communicating with him. By directly sending Mr. Lopez collection letters (Group Exhibit D), despite being advised that he was represented by counsel, Defendant Arrow violated § 1692c(a)(2) of the FDCPA.

19. Defendant Arrow's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Antonio Hernandez Lopez prays that this Court:

1. Find that Defendant Arrow's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Lopez, and against Defendant Arrow, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Antonio Hernandez Lopez, demands trial by jury.

                            Antonio Hernandez Lopez,

                            By: /s/ David J. Philipps_____
                            One of Plaintiff's Attorneys

Dated: May 11, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com